IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN KRPAN, :

    Plaintiff, :

v. : Case No. 1:15-cv-458 (LMB/MSN)

REGISTRY OF INTERPRETERS FOR THE DEAF, INC., :

    Defendant. :

## COMPLAINT

COMES NOW the Plaintiff, John Krpan, by and through undersigned counsel, and asks this Court for injunctive and other relief in his favor for violations of Title III of the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the instant case pursuant to 28 U.S.C § 1331 because this case involves the interpretation of the U.S. Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

2. Venue is proper in this Court because the Defendant is headquartered in Alexandria, Virginia and the violations of law alleged herein occurred in this District.

## PARTIES

3. John Krpan is an adult resident and citizen of the State of Maryland.

4. Upon information and belief, Registry of Interpreters for the Deaf, Inc. ("RID") is a California corporation licensed to do business in the Commonwealth of Virginia.

1

## **FACTUAL BACKGROUND**

5. Krpan is deaf. He is, by profession, an American Sign Language ("ASL") interpreter and communicates through ASL, among other means.

6. Krpan's deafness is a "disability" as that term is defined in the ADA.

7. Krpan has the training and experience necessary to interpret on behalf of deaf people in ASL as well as with those who lack proficiency in ASL, through various hand gestures, mime-type displays, and other communication methods used by deaf people who are not fluent in ASL.

8. Krpan can perform his job duties—interpreting a deaf person's ASL or other methods of communication—with an accommodation in the form of an interpreter to translate Krpan's ASL into spoken English. He is therefore a person who can perform his job duties "with or without an accommodation" as the ADA defines that status.

9. RID credentials individuals who perform interpretation services for the deaf and hard of hearing.

10. RID provides various credentials for different types of interpreters.

11. RID's main credential is the National Interpreter Certification ("NIC"). Many court, governmental, and other large entities require the NIC of any person who would work for them as an interpreter.

12. One requirement of the NIC is that the applicant not have the disability of deafness.

13. This requirement effectively communicates to prospective employers that the NIC holder is not deaf—that is, that the holder does not have a specific disability as the ADA defines that term.

14. In order to grant NIC certification, RID administers a written and oral test. The test as designed, with oral performance metrics, could not be passed by someone who is deaf.

15. This requirement causes the NIC test to measure the extent of the applicant's sensory skills, rather than the applicant's ability to interpret a deaf person's communication.

16. RID's "Specialist Certificate: Legal" also requires the applicant to be hearing. Krpan has applied for this certificate but been unable to complete it due to that requirement.

17. This requirement effectively communicates to prospective employers that the CDI holder *is* deaf—that is, that the holder *does* have a specific disability as the ADA defines that term.

18. This requirement also causes the CDI to measure the *presence* of an impaired sensory skill, rather than the applicant's ability to interpret a deaf person's communication.

19. RID has refused to allow Krpan to apply for the NIC because it requires all NIC recipients to be able to hear.

20. RID has taken the position that Krpan should instead obtain the Certified Deaf Interpreter ("CDI") credential, which requires that the applicant be deaf or hard of hearing as certified by a physician or audiologist.

## COUNT I
### (Violation of ADA Title III – National Interpreter Certification)

21. Krpan incorporates all previous paragraphs by reference.

22. RID is a "private entity that offers examinations or courses related to applications, licensing, certification, or credentialing for…professional, or trade purposes" as described in 28 C.F.R. § 36.309(a).

23. Krpan is "an individual with a disability that impairs sensory…skills" as described in 28 C.F.R. § 36.309(b)(1)(i).

3

24. RID's NIC measures the impaired sensory skills of an applicant, rather than the applicant's "aptitude or achievement level or whatever other factor the examination purports to measure," in violation of 28 C.F.R. § 36.309(b)(1)(i).

25. To the extent that RID's NIC purports to measure an applicant's sensory skills, it does so without legitimate legal justification and instead acts as a certificate to prospective employers that the holder is not only fluent in ASL but is also not himself disabled, which the ADA would otherwise forbid the prospective employer from asking during the interview process.

## COUNT II
### (Violation of ADA Title III – Certified Deaf Interpreter)

26. Krpan incorporates all previous paragraphs by reference.

27. RID's CDI credential effectively advertises the impaired sensory skills of an applicant, rather than measuring the applicant's "aptitude or achievement level or whatever other factor the examination purports to measure," in violation of 28 C.F.R. § 36.309(b)(1)(i).

28. To the extent that RID's CDI credential purports to measure an applicant's sensory skills, it does so without legitimate legal justification and instead acts as a certificate to prospective employers that the holder is disabled, which the ADA would otherwise forbid the prospective employer from asking during the interview process.

WHEREFORE, Plaintiff asks this Court for the following relief:

1. A permanent injunction forbidding RID from inquiring into an NIC or CDI applicant's disability status; from requiring that any such applicant be deaf, hard of hearing, or hearing; and from stating that holders of either credential are deaf, hard of hearing, or hearing;

2. A permanent injunction requiring RID to permit Krpan to apply to sit for the NIC examination with all accommodations otherwise required by 28 C.F.R. § 36.309, including but

not limited to an interpreter to translate Krpan's ASL into spoken English, if necessary for the examination;

    3.    Payment of Krpan's attorney's fees and costs, pursuant to 42 U.S.C. § 12205; and

    4.    All other such relief as this Court may deem appropriate.

Respectfully submitted,

John C. Cook, VSB 38310
Lee B. Warren, VSB 77446
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
Phone (703) 865-7480
Fax (703) 434-3510
jcook@cookcraig.com
lwarren@cookcraig.com
*Counsel for Plaintiff*